IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

ARVEST BANK, )
                                         Plaintiff, )
)
vs. ) Case No. 16-00797-CV-W-ODS
)
MIDWAY MOTORS/ASBURY, LLC, )
GAYLE DIETZ, and RAELENE )
DIETZ, )
)
                                         Defendants. )

<u>ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO DISMISS
DEFENDANTS' AFFIRMATIVE DEFENSES AND COUNTERCLAIMS
UNDER THE EQUAL CREDIT OPPORTUNITY ACT</u>

Pending is Plaintiff Arvest Bank's Motion to Dismiss Defendants' Affirmative Defenses and Counterclaims. Doc. #8. Arvest Bank's motion is granted.

**I.    BACKGROUND**

According to the Complaint, in exchange for loans, Defendant Midway Motors/Asbury, LLC ("Midway") executed and delivered to Arvest Bank a promissory note and an SBA Note wherein Midway promised to repay the loans. Doc. #1, ¶¶ 6, 8. To ensure repayment of the notes, Defendants Gayle Dietz ("Gayle") and Raelene Dietz ("Raelene") executed personal guaranties. *Id.*, ¶¶ 7, 9.

For default in payment and performance of Midway's obligations under the SBA note, the trustee under a deed of trust securing the SBA Note foreclosed on real property in Jasper County, Missouri. *Id.*, ¶ 13. Arvest Bank has demanded full payment of the balance remaining on the SBA note, but according to Arvest Bank, Defendants have refused to pay the debt. *Id.*, ¶¶ 14-16. Arvest Bank filed this lawsuit alleging claims of breach of promissory note against Midway, and breach of guaranties against Gayle and Raelene. *Id.*, ¶¶ 17-35.

In their Answer, Defendants alleged affirmative defenses and counterclaims against Arvest Bank claiming, among other things, the guaranties executed by Gayle

and Raelene violated the Equal Credit Opportunity Act ("ECOA"), 12 C.F.R. § 1002 *et seq.*, in that Midway discriminated against the marital status of the company's members and their spouses. Doc. #6, ¶¶ 28, 37, 42-50. Arvest Bank moves to dismiss Defendants' affirmative defenses and counterclaims under the ECOA because Defendants failed to state a claim upon which relief may be granted in that Defendants lack standing or the affirmative defenses and counterclaims are barred by the state of limitations.

## II. DISCUSSION

### A. Standing

In their affirmative defenses and counterclaims, Defendants contend Arvest Bank violated the ECOA. Arvest Bank argues Gayle and Raelene do not have standing to bring defenses or claims under the ECOA, and therefore, those affirmative defenses and counterclaims should be dismissed.

Standing is one of several doctrines that reflects and enforces the fundamental limitations on the judiciary's role by insuring a party has a sufficient stake in the outcome to warrant his, her, or its invocation of the federal courts' jurisdiction. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). "[S]tanding is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007) (citation omitted). When considering a motion to dismiss for want of standing, this Court must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party. *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 458 (8th Cir. 1985) (citation omitted). For a party to have standing, she must establish "she has suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Sabri v. Whittier Alliance*, 2016 WL 4409350, at *2 (8th Cir. Aug. 19, 2016) (citations and internal quotations omitted).

Unfortunately, both parties addressed the standing argument under the standard for failure to state a claim and did not address the factors this Court must consider when examining a motion to dismiss for want of standing. Accordingly, the Court is unable to

2

determine whether Gayle and Raelene have standing to bring their ECOA affirmative defenses and counterclaims.

B. Failure to State A Claim

Arvest Bank also contends Gayle and Raelene fail to state a claim upon which relief may be granted. The liberal pleading standard created by the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff[ ]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679. A claim is facially plausible if it allows the reasonable inference that the defendant is liable for the conduct alleged. *See Horras v. Am. Capital Strategies, Ltd.*, 729 F.3d 798, 801 (8th Cir. 2013); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

3

"The ECOA makes it 'unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction…on the basis of…marital status." *Hawkins v. Cmty. Bank of Raymore*, 761 F.3d 937, 940 (8th Cir. 2014) (quoting 15 U.S.C. § 1691(a)), *aff'd by an equally divided court*, 136 S. Ct. 1072 (2016). "Applicant" is defined as "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." *Id.* (quoting 15 U.S.C. § 1691a(b)). Examining this definition, the Eighth Circuit concluded "a person does not qualify as an applicant under the statute solely by virtue of executing a guaranty to secure the debt of another." *Id.* at 941. The Eighth Circuit further found "a guarantor is not protected from marital-status discrimination by the ECOA." *Id.* at 942.

Here, Gayle and Raelene are guarantors of the loans executed by Midway. Doc. #1, ¶¶ 7, 9; Doc. #6, ¶¶ 7, 9. Gayle and Raelene, in their affirmative defenses, specifically refer to their guaranties, and do not refer to applications. Doc. #6, ¶¶ 28(b), 28(e), 28(f), 37(b)-(c), 44-45, 47-48. Gayle and Raelene have not alleged they were applicants or should be treated as applicants. As such, they have not set forth a plausible claim under the ECOA. Therefore, Arvest Bank's motion to dismiss Gayle's and Raelene's affirmative defenses and counterclaims under the ECOA is granted. Because the Court is granting Arvest Bank's motion to dismiss on these grounds, it is unnecessary for the Court to consider Arvest Bank's argument that Gayle's and Raelene's affirmative defenses and counterclaims are time-barred.

### III. CONCLUSION

For the foregoing reasons, Arvest Bank's motion to dismiss is granted.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: September 19, 2016    UNITED STATES DISTRICT COURT